lee, elmer edward v. state 




 NO. 12-02-00374-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MICHAEL SCOTT YORK,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 This appeal is being dismissed for want of jurisdiction. On October 18, 2002, Appellant
pleaded guilty to the offense of driving while intoxicated. On the same date, the trial court assessed
Appellant's punishment at ten years of imprisonment, probated for ten years. The judgment placing
Appellant on community supervision and incorporating the conditions of such supervision was
signed by the trial court on October 30, 2002. On December 4, 2002, the trial court signed two
orders modifying the conditions of Appellant's community supervision. On December 16, 2002,
Appellant filed a notice of appeal with this court seeking to appeal the October 30 judgment and the
two orders signed on December 4. At the same time, Appellant filed a motion for extension of time
to file the notice of appeal. 

 Texas Rule of Appellate Procedure 26.2 (1) provides that an appeal is perfected when notice
of appeal is filed within thirty days after the day sentence is imposed or suspended in open court
unless a motion for new trial is timely filed. When the judgment is signed on a date later than the
imposition or suspension of sentence in open court, the deadline for filing the notice of appeal is not
extended. See Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993) (notice of appeal
due within thirty days after sentence is imposed or suspended in open court, not the day the judgment
is signed). Where a timely motion for new trial has been filed, notice of appeal shall be filed within
ninety days after the sentence is imposed or suspended in open court. Id. Appellant did not file a
motion for new trial; therefore, his notice of appeal was due to have been filed on or before
November 18, 2002. However, Appellant did not file his notice of appeal until December 16, 2002. 
 Rule 26.3 authorizes an appellate court to extend the time to file a notice of appeal if, within
fifteen days after the deadline for filing the notice of appeal, the party files a notice of appeal in the
trial court and files in the appellate court a motion complying with Rule 10.5(b). Tex. R. App. P.
26.3(a), (b). Under Rule 26.3, Appellant's deadline for filing his motion for extension of time was
December 3, 2002. Therefore, his motion and notice of appeal filed on December 16, 2002 were
untimely as to the trial court's October 30 order, and this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3. See Slaton v. State, 981 S.W.2d 208
(Tex. Crim. App. 1998). 

 As to the orders signed on December 4, the Texas Code of Criminal Procedure authorizes
the judge of the court having jurisdiction of a case, at any time during the period of community
supervision, to alter or modify the conditions. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)
(Vernon Supp. 2003). However, the legislature has not conferred the right to appeal from an order
modifying the conditions of community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 23(b) (Vernon 2003) (defendant may appeal conviction and punishment when placed on
community supervision and may appeal any subsequent revocation); see also Basaldua v. State, 558
S.W.2d 2, 5 (Tex. Crim. App. 1977). 

 Because Appellant's notice of appeal and motion for extension of time were untimely and
because the orders modifying the conditions of his community supervision are not appealable, we
have no jurisdiction to review this matter. Accordingly, Appellant's motion for extension of time
is denied, and this appeal is dismissed for want for jurisdiction.

Opinion delivered December 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)
1. All further rule references will be to the current edition of the Texas Rules of Appellate Procedure unless
otherwise specified.