MEMORANDUM OPINION




No. 04-07-00335-CR



Tiffany TODD,


Appellant



v.



The State of TEXAS,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CR-6287


Honorable Maria Teresa Herr, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis Speedlin, Justice


Delivered and Filed: June 6, 2007


DISMISSED FOR WANT OF JURISDICTION

 Pursuant to the terms of her plea-bargain agreement, Appellant, Tiffany Todd, pled nolo
contendere to the offense of forgery of a commercial instrument and was placed on deferred
adjudication community supervision for a period of three years. Subsequently, the State filed a
Motion to Enter Adjudication of Guilt and Revoke Community Supervision. Although Todd's
community supervision was not revoked, the court issued an order altering and amending the terms
and/or conditions of community supervision from which Todd now appeals. The trial court signed
a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the
defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After Todd timely filed a notice
of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. See
id. 25.2(e). The clerk's record, which includes the trial court's rule 25.2(a)(2) certification, has been
filed. See id. 25.2(d). 

 "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). In Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim.
App. 2006), the court of criminal appeals held that in a plea-bargain case for deferred adjudication
community supervision, the plea bargain is complete at the time the defendant enters his plea of
guilty in exchange for deferred adjudication community supervision. As such, Texas Rule of
Appellate Procedure 25.2(a)(2) will restrict an appeal when the defendant appeals his placement on
deferred adjudication community supervision pursuant to the original plea. Id. According to the
court, "[u]nder this circumstance, the trial judge certifying the defendant's right of appeal may
designate the case on the certification form as 'a plea-bargain case, and the defendant has NO right
of appeal.'" Id. If, however, the defendant filed written motions that were ruled on before his
placement on deferred adjudication community supervision pursuant to rule 25.2(a)(2)(A), or
obtained permission from the trial court to appeal his placement on deferred adjudication community
supervision pursuant to rule 25.2(a)(2)(B), then he would have a right to appeal. Id. This court does
not have jurisdiction to consider an appeal from an order altering or modifying the conditions of
community supervision. See Davis v. State, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006); Basaldua
v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). 

 Here, the clerk's record, which contains a written plea bargain, establishes that in placing
Todd on deferred adjudication community supervision, the trial court complied with the plea-bargain
agreement. See id. Further, the clerk's record does not include a written motion filed and ruled upon
before trial; nor does it indicate that the trial court gave its permission to appeal. The trial court's
certification, therefore, appears to accurately reflect that this is a plea-bargain case and that Todd
does not have a right to appeal. We must dismiss an appeal "if a certification that shows the
defendant has the right of appeal has not been made part of the record." Id. 25.2(d). 

 On May 21, appellant's counsel filed a letter stating that he had reviewed the electronic
judicial records of this case and that Todd has no right of appeal, and this court has no appellate
jurisdiction to consider an appeal. We agree. Accordingly, this appeal is dismissed for lack of
jurisdiction. See Tex. R. App. P. 25.2 (d). 

 

 PER CURIAM

DO NOT PUBLISH