# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-07-00452-CR
### NO. 03-07-00457-CR

---

**Melvin Dean Marshall, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NOS. 32521 & 32522, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Melvin Dean Marshall seeks to appeal judgments of conviction for securities fraud and theft. We dismiss the appeals for want of jurisdiction.

The indictment in cause number 32521 (our cause number 03-07-00452-CR) accused Marshall of engaging in fraud in the offer and sale of securities in an amount exceeding $100,000. *See* Tex. Rev. Civ. Stats. Ann. art. 581-29 (West Supp. 2007). The indictment in cause number 32522 (our cause number 03-07-00457-CR) accused Marshall of unlawfully appropriating more than $200,000. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2007). The two indictments were jointly tried in November 2006. On November 16, having found Marshall guilty of both offenses, the jury returned verdicts assessing punishment in cause number 32521 (securities fraud) at ten years' imprisonment and a $10,000 fine, with a recommendation that the prison term be probated, and at eleven years' imprisonment and a $10,000 fine in cause number 32522 (theft).

The trial court orally suspended (in cause number 32521) and imposed (in cause number 32522) sentence in open court on November 16, 2006, in accordance with the jury's verdicts. However, the court's written judgments, which were also signed and filed on November 16, did not conform to the jury's verdicts or to the court's oral pronouncements. In cause number 32521, the written judgment recited that the punishment was eleven years' imprisonment (not the ten years assessed by the jury) and a $10,000 fine. The judgment recited that the "sentence of confinement [is] suspended," but it elsewhere ordered Marshall's imprisonment (the jury had recommended probation). In cause number 32522, the written judgment imposed a sentence of ten years' imprisonment (not the eleven years assessed by the jury) and a $10,000 fine. Like the other judgment, it recited that the "sentence of confinement [is] suspended," but ordered Marshall's imprisonment.

On November 22, 2006, the State filed a motion for judgment nunc pro tunc in cause number 32521, complaining that the written judgment did not state the offense for which Marshall was convicted. On November 27, the district court granted the State's motion and signed a judgment nunc pro tunc in cause number 32521 reciting that Marshall had been convicted of securities fraud. Like the original written judgment, the judgment nunc pro tunc in cause number 32521 did not conform to the jury's verdict and imposed a sentence of eleven years' imprisonment.

On December 18, 2006, Marshall filed timely motions for new trial in both causes. *See* Tex. R. App. P. 4.1(a), 21.4(a). The motions, which were identical, complained that Marshall had been absent for part of the trial and that the punishments had been decided by lot. The

2

motions for new trial were overruled by operation of law effective January 30, 2007. *See* Tex. R. App. P. 21.8(c).

On May 11, 2007, the district court held a brief "restitution hearing." The court stated that the purpose of the hearing was "to memorialize on the record the agreement about restitution." Marshall was sworn and testified that he concurred in a written agreement between his attorney and the prosecutor showing that he owed five named individuals a total of $382,477.49 in restitution.[1] Following the hearing and on the same day, the court signed an "amended judgment of conviction" in each cause reciting that it "is reformed after restitution hearing and to correct certain clerical errors, and is signed and entered within the Court's 180 day period of plenary power."[2] In conformity to the jury verdict, the "amended judgment" in cause number 32521 (securities fraud) reflects a punishment of ten years' imprisonment and a $10,000 fine, suspends imposition of sentence, and places Marshall on community supervision.[3] The judgment also contains an order that Marshall pay $382,477.49 in restitution. The "amended judgment" in cause number 32522 (theft) also conforms to the jury verdict, imposing a sentence of eleven years' imprisonment and a $10,000 fine; there is no restitution order.

---

[1] Three of these individuals were named complainants in both indictments. The other two individuals were named complainants in the theft indictment only.

[2] We infer that the district court was referring to the 180-period during which a trial court may suspend further execution of a prison sentence previously imposed. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (West Supp. 2007) ("shock probation"). Marshall was eligible for probation only in cause number 32521, and his sentence in that cause had already been suspended by the court on November 16, 2006.

[3] Insofar as the record reflects, the conditions of probation have not been determined.

Marshall filed notices of appeal in both causes on August 3, 2007. Both notices express Marshall's desire to appeal "from the judgment of conviction and sentence herein rendered."[4]

The time limit for perfecting an appeal from a judgment of conviction begins to run on the day sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a); *see Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (written judgment of conviction is not "appealable order" within meaning of rule; the defendant does not have option of calculating time limit from day written judgment is signed and entered by trial court) (construing predecessor rule). In these causes, sentence was imposed and suspended in open court on November 16, 2006. Because there were timely motions for new trial, appellant had ninety days from November 16 or to February 14, 2007, to perfect an appeal. Tex. R. App. P. 26.2(a)(2). Marshall's notices of appeal were filed almost six months after that deadline.

Marshall argues, however, that the time for perfecting appeal did not begin to run on November 16, 2006. Citing *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004), Marshall urges that sentencing in these causes was not completed until May 11, 2007, the day of the restitution hearing. Marshall contends that his notices of appeal were timely because they were filed less than ninety days after May 11. *See* Tex. R. App. P. 21.4(a) (motion for new trial may be filed before date sentence imposed or suspended); *Cortez v. State*, 735 S.W.2d 294, 301 (Tex. App.—Dallas 1987,

---

[4] In cause number 03-07-00452-CR, the securities fraud case, Marshall's appointed counsel on appeal has filed a brief stating that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). In cause number 03-07-00457-CR, the theft case, counsel contends that the evidence is legally and factually insufficient to sustain the guilty verdict.

4

no pet.) (motion for new trial filed after verdict of guilt but before determination of punishment and imposition of sentence was timely).

In *Bailey*, the defendant pleaded guilty on February 12, whereupon the trial court adjudged him guilty of the charged offense, assessed punishment at five years' imprisonment, suspended imposition of sentence, and ordered general conditions of probation. 160 S.W.3d at 12. The court then reset the case for a hearing on March 12 to consider the State's request for restitution as a further condition of probation. *Id*. The record reflected that in pleading guilty, the defendant had reserved the right to appeal any restitution order. *Id*. After hearing evidence at the March 12 hearing, the court ordered the defendant to pay restitution in the amount of $49,000. *Id*. The defendant filed his notice of appeal on April 4. *Id*. The court of appeals dismissed the appeal because the notice of appeal had been filed more than thirty days after sentence was suspended in open court. *Id*. at 13. The court of criminal appeals concluded, however, that "[i]n the unique facts of this case, the parties considered the sentencing to be incomplete until the amount of restitution, if any, was set." *Id*. at 16. Thus, for the purposes of rule 26.2(a), sentence had not been suspended in open court until the last condition of probation was decided and the notice of appeal was timely. *Id*.[5]

The record in the instant causes does not reflect any agreement between the parties to consider sentencing to be incomplete pending resolution of the restitution issue. Although

---

[5] The court of criminal appeals was careful to point out that the case did not involve a modification of the conditions of Bailey's probation. *See Bailey v. State*, 160 S.W.3d 11, 14 & 16 n.4 (Tex. Crim. App. 2004). Orders modifying the terms and conditions of probation are not appealable. *Basaldua v. State*, 558 S.W.2d 2, 6 (Tex. Crim. App. 1977).

Marshall testified, at the punishment stage, that he intended to make restitution, there was no mention of restitution by the court when it suspended (in cause number 32521) and imposed (in cause number 32522) sentence in open court on November 16, 2006. Moreover, the trial court did not indicate in any manner that the question of restitution had been left open for determination at a later date. To the contrary, the court announced, "This concludes the trial."

We note that the original written judgment in cause number 32522 (theft) contained a notation that restitution was "to be determined." While this is some indication that the parties considered restitution to be an open issue, it does not reflect an understanding between the parties and the trial court that the sentencing process was incomplete. In any event, the trial court did not order restitution in cause number 32522. The restitution order was added to the "amended judgment" in cause number 32521 (securities fraud). The original written judgment in cause number 32521 stated that restitution was "n/a."

We conclude that the causes now before us do not contain the "unique facts" found in *Bailey*. *See id*. Imposition of sentence was complete in these causes on November 16, 2006, and Marshall's notices of appeal filed on August 3, 2007, were too late to perfect appeals from his convictions for securities fraud and theft. Alternatively, if the district court's May 11 decision to "amend" the judgments was an independently appealable order separate from the judgments of conviction, a matter we do not decide, Marshall did not file his notice of appeal within thirty days after the order was entered.[6] Under the circumstances, we lack jurisdiction to dispose of the

---

[6] Moreover, Marshall brings forward no issue challenging the court's decision to enter the "amended judgments."

purported appeals in any manner other than by dismissing them for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996).

The appeals are dismissed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   May 9, 2008

Do Not Publish