NO. 07-09-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 19, 2009

______________________________


BLAINE NOVAK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,562; HONORABLE BRAD UNDERWOOD, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          On October 9, 2007, following a plea of not guilty, Appellant, Blaine N. Novak, was
convicted by the court of burglary of a habitation.


 Pursuant to a plea bargain agreement,
punishment was assessed at eight years confinement, with the period of confinement
being suspended in favor of five years of community supervision. On March 5, 2008, the
State filed an application to revoke community supervision, alleging numerous violations
of the conditions of supervision. On April 24, 2008, pursuant to an agreement between the
State and Appellant and in lieu of revocation, the terms and conditions of community
supervision were amended to include participation in the Lubbock County Court Residential
Treatment Center. In December of 2008, Appellant voluntarily agreed to a modification of
the terms and conditions of community supervision so as to provide for release from
residential treatment and placement on intensive supervision. On March 24, 2009, the
State filed its second motion to revoke community supervision. On April 2, 2009, again
pursuant to an agreement between the State and Appellant and in lieu of revocation, the
terms and conditions of community supervision were amended to include placement in a
Substance Abuse Felony Punishment Facility (SAFP) for a period of not less than ninety
days or more than one year, pursuant to section 14 of article 42.12 of the Texas Code of
Criminal Procedure. Prior to September 1, 2009, Appellant filed a motion seeking credit
for time served in SAFP and for “90 days back time.” On September 15, 2009, the trial
court entered an order denying all relief requested. Appellant has perfected an appeal
from that order.
          A threshold issue in any case is whether the court has the jurisdiction to resolve the
pending controversy. This issue of jurisdiction is fundamental and cannot be ignored. 
Accordingly, a court must address the issue sua sponte. Jurisdiction must be vested in the
court by constitution or statute. State v. Roberts, 940 S.W.2d 655, 657, n.2 (Tex.Crim.App.
1996), overruled on other grounds, State v. Medrano, 67 S.W.3d 892, 903 (Tex.Crim.App.
2002). Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides, in relevant
part, that a “defendant has the right to appeal under Code of Criminal Procedure article
44.02 and these rules” when the trial court has entered “a judgment of guilt or other
appealable order.”
          At the present time, the imposition of sentence has been suspended and Appellant
is subject to such reasonable terms and conditions of community supervision as may be
ordered by the trial court. The order being appealed is not a judgment, nor does it do
anything more than deny a request to modify the terms and conditions of community
supervision. As such, it is not a separate appealable order. See Basaldua v. State, 558
S.W.2d 2, 5 (Tex.Crim.App. 1977). Furthermore, “we have not found any rule or any
statutory or constitutional provision that would authorize appellant’s appeal from the trial
court’s post-judgment order denying his time-credit motion.” Abbott v. State, 271 S.W.3d
694 (Tex.Crim.App. 2008). 
          Because the trial court’s September 15, 2009, order denying Appellant’s time-credit
motion is not an appealable order, we have no jurisdiction. Accordingly, the appeal is
dismissed for want of jurisdiction.
                                                                           Per Curiam 
Do not publish.



ed with the possible conflict of interest of retained counsel, who is presumably no
longer being paid as his client now claims to be indigent, being able to counsel his client
as to the manner and means of asserting counsel's own ineffectiveness at trial. Further,
if the hearing on a motion for new trial is a critical stage of a criminal proceeding, we are
hard-pressed to make the distinction between the hearing itself and the preparation and
presentation of the motion that would entitle one to that hearing. 

 A motion for new trial is a prerequisite to presenting a point of error on appeal when
necessary to adduce facts not in the record. Tex. R. App. P. 21.1. A motion for new trial
is to be filed within 30 days after the date the trial court imposes or suspends sentence
in open court. Tex. R. App. P. 21.4(a). The motion must then be presented to the trial
court within ten days of its filing, unless the trial court permits it to be presented and heard
within 75 days from the date when the court imposes or suspends sentence in open court. 
Tex. R. App. P. 21.6. The court must rule on the motion within that 75-day period, and a
motion not timely ruled on by written order is deemed denied after the 75-day period
expires. Tex. R. App. P. 21.8(a) and (c). When a motion for new trial raises matters not
determinable from the record which could entitle the movant to relief, the trial judge abuses
his discretion in failing to hold a hearing if the allegations are supported by affidavit
showing the truth of the matters asserted. King v. State, 29 S.W.3d 556, 569
(Tex.Crim.App. 2000). 

 The facts before us are virtually identical to those in Prudhomme, in which the
defendant pled guilty to aggravated sexual assault without a recommended sentence for
punishment and received a life sentence. On appeal, he contended he was denied the
right to counsel during the time period for filing and presenting a motion for new trial. The
record showed that Prudhomme was represented by counsel through trial and no motion
to withdraw was filed by counsel. However, 25 days after sentence was imposed,
Prudhomme sent to the trial court a pro se notice of appeal, a pro se motion to substitute
counsel of record, and a pro se "Motion to Withdraw Plea," in which he asserted his plea
was involuntary due to ineffective assistance of counsel, which the court considered to be
a motion for new trial. His assertion was that his plea was involuntary because he had
been told by counsel he would receive probation. Fifty-eight days after sentence was
imposed, he signed a pauper's oath and was appointed counsel for appeal. The pro se
motion for new trial was never presented to the trial court and a hearing was never
requested. 

 The Texarkana court found the presumption that trial counsel continued to
effectively represent Prudhomme during the time for filing a motion for new trial was
rebutted by the filing of a pro se motion for new trial complaining of ineffective assistance
of counsel, but which neither requested a hearing nor was presented to the court, together
with the filing of a pro se notice of appeal and a pro se motion to substitute counsel. (1)
Prudhomme, 28 S.W.3d at 120. The court also found that Prudhomme was harmed
because he asserted a facially plausible claim based on matters outside the record upon
which the trial court would have been required to hold a hearing if the motion had been
presented and a hearing requested. Id. at 120-21. 

 In the case at bar, appellant filed a pro se notice of appeal, which did not merely
request substitution of counsel, but appointment of counsel. He also filed a pro se motion
for new trial, which was sufficient to rebut the presumption he had chosen not to present
such a motion. Although appellant had retained counsel at trial, he asserted his indigent
status for purposes of appeal. This court abated the appeal for appointment of counsel
because the record did not reflect that the trial court had ever acted on appellant's request. 
Moreover, the motion for new trial was based at least in part on a claim of ineffective
assistance of counsel, which could create a conflict of interest for his trial attorney in the
preparation and argument of the same. The motion was never presented to the trial court
and a hearing was not requested. We believe the facts unique to this case rebut the
presumption that appellant continued to be represented by counsel and was adequately
counseled. Further, we believe if appellant is entitled to counsel for purposes of a hearing
on a motion for new trial, he is entitled to counsel during the time for preparing and
presenting that motion for new trial, and his failure to be represented is a violation of his
right to counsel under the sixth amendment. Additionally, that error was not harmless
because he would have been entitled to a hearing if the motion had been presented to the
trial court, and his failure to receive that hearing prevented him from making a record for
appellate review. 

 Therefore, the appeal is abated and remanded to the trial court to the point at which
appellant was convicted and sentence imposed. If the motion for new trial is granted, the
record shall be supplemented with a copy of the trial court's order. If the motion for new
trial is overruled, the record shall be supplemented with the court's order and the reporter's
record of any hearing held. At that time, the parties may request an opportunity to brief
any issues regarding the court's denial of the motion. 

 Per Curiam

Publish.

 

 

 

 

 

 
1. This was apparently a limited holding because, in a more recent decision,
Yarbrough v. State, 57 S.W.3d 611 (Tex.App.--Texarkana 2001, pet. ref'd), the same court
distinguished the facts in that case from Prudhomme by noting that counsel had filed the
motion for new trial and there was no claim of ineffective assistance of counsel in the
motion which might create a conflict of interest.