NO. 07-09-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 19, 2009

______________________________

BLAINE NOVAK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,562; HONORABLE BRAD UNDERWOOD, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

On October 9, 2007, following a plea of not guilty, Appellant, Blaine N. Novak, was convicted by the court of burglary of a habitation.
(footnote: 1)  Pursuant to a plea bargain agreement, punishment was assessed at eight years confinement, with the period of confinement being suspended in favor of five years of community supervision.   On March 5, 2008, the State filed an application to revoke community supervision, alleging numerous violations of the conditions of supervision.  On April 24, 2008, pursuant to an agreement between the State and Appellant and in lieu of revocation, the terms and conditions of community supervision were amended to include participation in the Lubbock County Court Residential Treatment Center.  In December of 2008, Appellant voluntarily agreed to a modification of the terms and conditions of community supervision so as to provide for release from residential treatment and placement on intensive supervision.  On March 24, 2009, the State filed its second motion to revoke community supervision.  On April 2, 2009, again pursuant to an agreement between the State and Appellant and in lieu of revocation, the terms and conditions of community supervision were amended to include placement in a Substance Abuse Felony Punishment Facility (SAFP) for a period of not less than ninety days or more than one year, pursuant to section 14 of article 42.12 of the Texas Code of Criminal Procedure.  Prior to September 1, 2009, Appellant filed a motion seeking credit for time served in SAFP and for “90 days back time.”   On September 15, 2009, the trial court entered an order denying all relief requested.  Appellant has perfected an appeal from that order.

A threshold issue in any case is whether the court has the jurisdiction to resolve the pending controversy.  This issue of jurisdiction is fundamental and cannot be ignored.  Accordingly, a court must 
address the issue 
sua sponte
.  Jurisdiction must be vested in the court by constitution or statute.  
State v. Roberts
, 940 S.W.2d 655, 657, n.2 (Tex.Crim.App. 1996), 
overruled on other grounds, State v. Medrano, 
67 S.W.3d 892, 903 (Tex.Crim.App. 2002).  Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides, in relevant part, that a “defendant has the right to appeal under Code of Criminal Procedure article 44.02 and these rules” when the trial court has entered “a judgment of guilt or other appealable order.”

At the present time, the imposition of sentence has been suspended and Appellant is subject to such reasonable terms and conditions of community supervision as may be ordered by the trial court.  The order being appealed is not a judgment, nor does it do anything more than deny a request to modify the terms and conditions of community supervision.  As such, it is not a separate appealable order.  
See Basaldua v. State, 
 558 S.W.2d 2, 5 (Tex.Crim.App. 1977).  Furthermore, “we have not found any rule or any statutory or constitutional provision that would authorize appellant’s appeal from the trial court’s post-judgment order denying his time-credit motion.”  
Abbott v. State,
 271 S.W.3d 694 (Tex.Crim.App. 2008).  

Because the trial court’s September 15, 2009, order denying Appellant’s time-credit motion is not an appealable order, we have no jurisdiction.  Accordingly, the appeal is dismissed for want of jurisdiction.

Per Curiam
 

Do not publish.

FOOTNOTES
1:
Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 2003).