

## NUMBER 13-09-00097-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**ROBERT KERWIN,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                         **Appellee.**

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Robert Kerwin, appeals from an order modifying his community supervision to require his attendance at a Substance Abuse Felony Punishment Facility (SAFPF). We dismiss for want of jurisdiction.

## I. BACKGROUND

The State filed a motion to revoke appellant's community supervision and to adjudicate guilt. Appellant pleaded "true" to all counts except 5, 6, and 10. After accepting appellant's pleas of "true" and "not true," the trial court heard evidence from the State and appellant and listened to arguments and recommendations of counsel. The State withdrew counts 5, 6, and 10, and the trial court found the remaining allegations true. However, rather than adjudicating guilt, the trial court continued appellant on community supervision, and as an additional term and condition of appellant's community supervision, ordered appellant to attend a SAFPF. Appellant perfected his appeal from this order, and his counsel filed an *Anders* brief with this Court. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II. APPELLATE JURISDICTION

This is a direct appeal from an order modifying the conditions of appellant's supervision. There is no legislative authority, however, for entertaining such an appeal. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Lovill v. State*, 287 S.W.3d 65, 74 (Tex. App.–Corpus Christi 2008, pet. granted) (dismissing Lovill's direct appeal from the trial court's order modifying her probation for want of jurisdiction and reversing and remanding the same order denying her petition for writ of habeas corpus for which the court of criminal appeals has granted petition). Therefore, we have no jurisdiction over appellant's direct appeal from the trial court's order modifying the conditions of his community supervision. *See Davis*, 195 S.W.3d at 710; *Basaldua*, 558 S.W.2d at 5; *Lovill*, 287 S.W.3d at 74.

2

### III. CONCLUSION

We dismiss this appeal for want of jurisdiction.[1]  Because we have no jurisdiction to consider the appeal, counsel's motion to withdraw that was previously carried with the case is also dismissed for want of jurisdiction.

    NELDA V. RODRIGUEZ
    Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 10th
day of December, 2009.

---

[1]Appellant has characterized this proceeding as a direct appeal.  He did not file an application for writ of habeas corpus with the trial court seeking relief from the modified community supervision order.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005) (establishing procedures in a writ of habeas corpus in a felony or misdemeanor case where the applicant seeks relief from an order ordering community supervision); *see also Lovill v. State*, 287 S.W.3d 65, 74 (Tex. App.–Corpus Christi 2008, pet. granted).  Furthermore, appellant does not request, in the alternative, that this Court construe the trial court proceeding from which he appeals as a habeas corpus proceeding, and based on the record and briefing before us, we choose not to do so.  *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977).