COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-10-00186-CV |
| | § | |
| IN THE MATTER OF B.L.C., | | Appeal from |
| A JUVENILE | § | |
| | | 289th District Court |
| | § | |
| | | of Bexar County, Texas |
| | § | |
| | | (TC # 2007-JUV-02757) |
| | § | |

**MEMORANDUM OPINION**

The appeal is before the Court for a determination whether it should be dismissed. Finding there is no appealable order, we dismiss the appeal for want of jurisdiction.[1]

On September 19, 2007, the State file a petition alleging Appellant engaged in delinquent conduct by committing indecency with a child by sexual contact. By its petition, the State sought a determinate sentence. A jury found that Appellant engaged in delinquent conduct as alleged in the petition. The jury found that Appellant was in need of rehabilitation, sentenced him to five years in the Texas Youth Commission with possible transfer to the Texas Department of Criminal Justice Institutional Division, and recommended that he be placed on probation outside of his home.

Shortly before Appellant's eighteenth birthday, the State filed a motion to transfer the determinate sentence probation to an adult district court. The trial court signed an order on March 5, 2010 transferring Appellant's juvenile determinate sentence probation to a criminal district court pursuant to Section 54.051 of the Texas Family Code. TEX.FAM.CODE ANN. §54.051 (Vernon

---

[1] This case was transferred from the Fourth Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (Vernon 2005).

2008).  The transfer became effective on Appellant's eighteenth birthday, April 2, 2010.  *See* TEX.FAM.CODE ANN. §54.051(d).  On May 14, 2010, the trial court held a hearing on Appellant's written objections to changes in the conditions of probation, but the court declined to amend the conditions.  Appellant thereafter filed notice of appeal stating an intention to challenge matters raised by written motion and ruled on by the trial court on May 14, 2010.

On July 19, 2010, we sent Appellant notice of our intent to dismiss the appeal for want of jurisdiction.  Appellant's counsel has filed a written response conceding that Appellant did not file notice of appeal from the transfer order, and even if he had, the transfer order is not appealable.  We agree.  *See In the Matter of J.H.*, 176 S.W.3d 677, 679 (Tex.App.--Dallas 2005, no pet.).  Additionally, counsel correctly states that the trial court's refusal to amend the conditions of probation is not appealable.  *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App. 1977).[2]  Accordingly, we dismiss the appeal for want of jurisdiction.

September 29, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

---

[2]  The Court commends counsel for filing a candid and thorough response to the inquiry.