

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00557-CR

| | | |
|---|---|---|
| Carl Edward Danzey | § | From the 396th District Court |
| | § | of Tarrant County (1218702D) |
| v. | § | February 28, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM

1



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00557-CR

CARL EDWARD DANZEY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In February 2011, Appellant Carl Edward Danzey pleaded guilty pursuant to a plea bargain to assault–family violence with a previous conviction. The trial court sentenced Danzey to three years' confinement but suspended imposition of the sentence and placed him on community supervision for three years. On September 26, 2012, the trial court supplemented Danzey's conditions of community supervision by requiring him to "serve a term of confinement and

---

[1]See Tex. R. App. P. 47.4.

treatment in a State of Texas Contracted Intermediate Sanction Facility for a period of not less than 45 days or more than 120 days." Danzey subsequently filed a notice of appeal challenging the order supplementing his conditions of community supervision.

On December 3, 2012, we notified Danzey of our concern that we lack jurisdiction over this appeal because the trial court had not entered any appealable orders. We informed Danzey that the appeal would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeal filed with the court, on or before December 13, 2012, a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. We have received no response.

This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State,* 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Roberts v. State*, No. 04-11-00514-CR, 2011 WL 2150762, at *1–2 (Tex. App.—San Antonio May 25, 2011, pet. ref'd) (mem. op., not designated for publication); *Barba v. State*, No. 07-01-0233-CR, 2001 WL 617502, at *1 (Tex. App.—Amarillo June 6, 2001, no pet.) (not designated for publication.). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 28, 2013

3