

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

#### NO. 02-13-00092-CR
#### NO. 02-13-00093-CR

GILES ALTMAN JENERETTE                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In April 2010, Appellant Giles Altman Jenerette pled guilty to the offenses of possession of a controlled substance and theft of wire cable. The trial court deferred its finding of guilt and placed Appellant on community supervision for three years. Appellant now attempts to appeal an order modifying the terms of that community supervision. We dismiss for want of jurisdiction.

---

[1]See Tex. R. App. P. 47.4.

On April 26, 2013, we notified Appellant of our concern that we lacked jurisdiction over these appeals and informed him that they would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeals filed with the court, on or before May 6, 2013, a response showing grounds for continuing the appeals. *See* Tex. R. App. P. 44.3. No response showing grounds for continuing the appeals has been filed. Appellant's court-appointed counsel has filed a motion for leave to withdraw from representation. *See* Tex. R. App. P. 6.5.

This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1–2 (Tex. App.—San Antonio May 25, 2011, pet. ref'd) (mem. op., not designated for publication); *Barba v. State*, No. 07-01-00233-CR, 2001 WL 617502, at *1 (Tex. App.—Amarillo June 6, 2001, no pet.) (not designated for publication). Accordingly, we dismiss these appeals for want of jurisdiction, and grant counsel's motion for leave to withdraw from representation. *See* Tex. R. App. P. 6.5, 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 13, 2013