

NUMBER 13-13-00535-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARLENE LAURELES,                                                    Appellant,

v.

STATE OF TEXAS,                                                      Appellee.

## On appeal from the 148th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Arlene Laureles challenges the trial court's order

continuing her on community supervision and modifying the conditions of it to require her

to spend a term in a Substance Abuse Felony Punishment Facility (SAFPF). We dismiss

for want of jurisdiction.

## I. BACKGROUND

The Corpus Christi police pulled over appellant's car after witnessing her cross the yellow line several times. Appellant had a strong smell of alcohol on her breath and slurred speech. Appellant failed several field sobriety tests. The officers placed her under arrest. At the detention facility, a pat-down search of appellant's person disclosed a "white powdery substance" in a plastic baggie that later tested as cocaine, and which weighed .57 grams. Appellant also consented to a breathalyzer test, which found that appellant's blood alcohol level was almost three times the legal limit.

Appellant originally agreed to participate in the Nueces County "Divert Court" program for a year to resolve her possession case, but was terminated from the program for non-compliance with its conditions. The State indicted appellant for possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West, Westlaw through 3d C.S. 2013). Pursuant to a plea bargain, appellant pleaded guilty, judicially confessed to committing the offense, and stipulated to the evidence supporting the plea. Following the terms of the agreement, the trial court placed appellant on deferred adjudication community supervision for a term of two years. The State later filed a motion to adjudicate, alleging that appellant had violated the terms of her community supervision by twice committing the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 3d C.S. 2013). Appellant pleaded true to both allegations. The trial court continued appellant on community supervision but modified its conditions to require appellant to enter a SAFPF. The trial court certified that this was not a plea-bargain case and that appellant had the right of

2

appeal. This appeal followed, in which appellant argues in a single issue that requiring her to enter a SAFPF as a condition of her supervision was cruel and unusual punishment in violation of the Eighth Amendment because she had minor children under her care. *See* U.S. CONST. amend. VIII.

## II. JURISDICTION

As a threshold issue, the State challenges our jurisdiction over this appeal. *See Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd) (observing that an appellate court has an obligation to determine its own jurisdiction). The State argues that we should dismiss this appeal because we have no jurisdiction to consider a direct appeal from an order modifying the terms of community supervision.

We agree with the State. The Texas Court of Criminal Appeals has affirmatively held that "[t]here is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision." *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaluda v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Therefore, we conclude that we have no jurisdiction over appellant's appeal from the order continuing her on community supervision and modifying its terms. *See Davis*, 195 S.W.3d at 710; *Basaluda*, 558 S.W.2d at 5; *see also Kerwin v. State*, No. 13-09-00097-CR, 2009 WL 4695388, at *1 (Tex. App.—Corpus Christi Dec. 10, 2009, no pet.) (mem. op., not designated for publication) (reaching the same result in a case where appellant's counsel filed an *Anders* brief in an appeal of an order modifying the conditions of appellant's supervision to require him to enter a SAFPF).

### III. CONCLUSION

We dismiss the appeal for want of jurisdiction.[1]

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of April, 2014.

---

[1] We note that appellant characterized this proceeding as a direct appeal and did not file a writ of habeas corpus with the trial court seeking relief from the modified community supervision order. *See* TEX. CODE CRIM. PROC. art. 11.072 (West, Westlaw through 3d C.S. 2013) (establishing procedures in a writ of habeas corpus in a felony or misdemeanor case where the applicant seeks relief from an order ordering community supervision).