

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00250-CR

ASHLEY TURK                                                              APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1348736

----------

## MEMORANDUM OPINION[1]

----------

On June 30, 2014, Appellant Ashley Turk, acting pro se, filed a notice of appeal from the trial court's "Supplement/Amendment to Conditions of Community Supervision." On July 15, 2014, we notified Turk that it appears we lack jurisdiction over this matter because the trial court has not entered any appealable orders. We advised Turk that this appeal could be dismissed unless

---

[1]See Tex. R. App. P. 47.4.

she, or any party desiring to continue this appeal, filed a response showing grounds for continuing the appeal on or before July 25, 2014. Turk's attorney filed a response, stating that he knew of no grounds for pursuing a direct appeal in this case because the trial court had not issued a final judgment.

We generally have jurisdiction to consider an appeal in a criminal case only when there has been a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2014