

## NUMBER 13-15-00540-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ROBERT DAVID MOTAL,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 2nd 25th District Court
### of Lavaca County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Robert David Motal, attempts to appeal an August 11, 2015 order modifying the terms of his community supervision. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Appellant was charged with the third degree felony offense of injury to the elderly. *See* TEX. PEN. CODE ANN. § 22.04 (West, Westlaw through 2015 R.S.). Pursuant to a plea bargain, appellant pleaded guilty and was placed on deferred adjudication community supervision. The order of deferred adjudication did not require appellant to pay restitution. On August 11, 2015, the trial court conducted a hearing regarding modifying the terms of appellant's deferred adjudication community supervision. The trial court modified the terms of appellant's supervision and imposed a requirement that appellant pay $3,692.55 in restitution. This appeal ensued.

## II. JURISDICTION

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication). This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also Helms v. State*, No. 02-14-00170-CR, 2014 WL 3778283, at *1 (Tex. App.—Fort Worth July 31, 2014, no pet.) (per curiam mem. op., not designated for publication); *Laureles*, 2014 WL 1669102, at *1; *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1 (Tex. App.—San Antonio May 25, 2011, pet. ref'd).

### III. Conclusion

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. *See Davis*, 195 S.W.3d at 710; *Basaldua*, 558 S.W.2d at 5. All pending motions, if any, are likewise DISMISSED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2015.

3