

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00060-CR
No. 02-19-00061-CR

_____

JESSIE GARAY CORONA, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court Nos. 1457292D, 1461696D

_____

Before Pittman, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

The trial court placed Appellant Jessie Garay Corona on deferred adjudication community supervision in March 2017 for two separately charged counts of possession of one or more but less than four grams of the controlled substance methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.102(6), .115(a), (c). In January 2019, the trial court modified Appellant's conditions of community supervision to add conditions including jail time and confinement in a substance abuse felony punishment facility. *See* Tex. Code Crim. Proc. Ann. art. 42A.051(b) ("The judge of the court having jurisdiction of the case may, at any time during the period of community supervision, modify the conditions of community supervision."). Appellant filed notices of appeal from those modification orders, but he did not respond to our March 27, 2019 letter expressing our concern that the orders are unappealable and stating that his appeals could be dismissed absent a response showing grounds for continuing them.

Orders modifying conditions of community supervision are not appealable. *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (concluding orders modifying "straight" community supervision conditions are unappealable); *see Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (applying reasoning of *Basaldua* in noting that orders modifying conditions of deferred adjudication community supervision are not independently appealable). *But cf.* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b)–(c) (providing that a person who is or has been placed on community supervision may

2

file an application for writ of habeas corpus challenging the constitutionality of a condition of community supervision, but only if he first files a motion in the trial court seeking to amend the condition).

Because the orders modifying Appellant's community supervision conditions are not appealable, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Brown v. State*, No. 02-18-00006-CR, 2018 WL 895475, at \*1 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (mem. op., not designated for publication) (holding same).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 16, 2019