

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00449-CR

Parker Ray **MORGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7647
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: February 10, 2021

DISMISSED FOR WANT OF JURISDICTION

Appellant seeks to appeal the trial court's order modifying the conditions of his deferred adjudication community supervision. There is no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify probationary conditions. *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). A defendant may appeal the judgment at the time he is first placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42A.755(e). A defendant may also appeal the revocation of his community supervision when he is notified of the decision to revoke and is required to serve a sentence in jail or in the Texas Department of

Criminal Justice. *Id.* However, modification of community supervision is not appealable at the time of modification. *Basaldua*, 558 S.W.2d at 5; *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at \*1 (Tex. App.—San Antonio May 25, 2011, pet. ref'd). We therefore issued an order on December 31, 2020 instructing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant's counsel filed a response stating that appellant agrees the appeal should be dismissed. Accordingly, the appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

PER CURIAM

DO NOT PUBLISH