

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00013-CR

———————————————

JOSEPH EUGENE HUNT, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 4
Tarrant County, Texas
Trial Court No. 1527354

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

A jury convicted Appellant Joseph Eugene Hunt of driving while intoxicated, and the trial court sentenced him to 180 days' confinement but suspended imposition of the sentence, placing him on twenty months' community supervision. Hunt appealed, and this court affirmed the trial court's judgment. *See Hunt v. State*, No. 02-19-00264-CR, 2020 WL 3987995, at *8 (Tex. App.—Fort Worth June 4, 2020, no pet.) (mem. op., not designated for publication).

After our court's mandate issued, the trial court modified Hunt's community-supervision conditions, adding an interlock-device requirement, but retained the twenty-month term of community supervision. Hunt attempts to appeal from the modification of his community supervision, both the additional interlock-device requirement and what he views as the effective extension of the term of his community supervision caused by the trial court's failure to award him credit for time he allegedly spent on community supervision before he filed an appeal bond. *But see Smith v. State*, 478 S.W.2d 518, 520 (Tex. Crim. App. 1972) (holding the community-supervision term in an appealed misdemeanor case does not begin to run until the appellate judgment is final and the appellate mandate has issued); *Bonales v. State*, No. 02-19-00433-CR, 2021 WL 1134413, at *1 (Tex. App.—Fort Worth Mar. 25, 2021, no pet. h.) (per curiam) (mem. op., not designated for publication) (noting same).

We notified Hunt of our concern that we lack jurisdiction of this appeal because the modification of his community supervision was not appealable. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). We warned him that we could dismiss this appeal for want of jurisdiction absent a response showing grounds for continuing the appeal. We have received no response.

Orders modifying conditions of community supervision are not appealable. *Id. But cf.* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b)–(c) (providing that a person who is or has been placed on community supervision may file an application for writ of habeas corpus challenging the constitutionality of a condition of community supervision, but only if he first files a motion in the trial court seeking to amend the condition). Because the order modifying Hunt's community-supervision conditions is not appealable, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Lopez v. State*, No. 02-19-00375-CR, 2020 WL 370566, at *1 (Tex. App.—Fort Worth Jan. 23, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Singletary v. State*, No. 01-12-00529-CR, 2013 WL 653281, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (per curiam) (mem. op., not designated for publication).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 13, 2021

3