

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00060-CR
_____

PAULA JO READ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 77,317-C-CR; Honorable Ana Estevez, Presiding

April 19, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In 2020, Appellant, Paula Jo Read, was placed on deferred adjudication community supervision for three years for the offense of possession of a controlled substance.[1] By order of January 28, 2022, the trial court modified the terms of Appellant's community supervision, extending the period by one year and requiring Appellant to

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

participate in a substance abuse felony punishment facility program for thirty days. Appellant filed a notice of appeal from the trial court's January 28 order. We dismiss the appeal for want of jurisdiction.

We have jurisdiction in a criminal case to consider an appeal from a judgment of guilt or where jurisdiction has been expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 697-98 (Tex. Crim. App. 2008). The trial court's order modifying the conditions of Appellant's deferred adjudication community supervision is neither a judgment of guilt nor an appealable order. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (holding that there is no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify conditions of community supervision); *Castaneda v. State*, No. 07-19-00049-CR, 2019 Tex. App. LEXIS 6994, at *3 (Tex. App.—Amarillo Aug. 9, 2019, no pet.) (mem. op., not designated for publication) (dismissing appeal from order modifying conditions of community supervision for want of jurisdiction).[2]

By letter of March 17, 2022, we directed Appellant's counsel to show how we have jurisdiction over the appeal by March 31. Counsel has not filed a response to date.

Because Appellant has not presented this court with a judgment of guilt or appealable order, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[2] An extension of community supervision or the modification of the terms and conditions thereof is reviewable through the habeas corpus process. *See* TEX. CODE CRIM. PROC. ANN. art. 17.072.