

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00168-CR
No. 02-22-00169-CR

_____

ROBERT TROSTEL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court Nos. CR20-00064, CR20-00065

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Robert Trostel attempts to appeal from an order denying his motion to modify the conditions of his deferred adjudication community supervision in two cases. But "we have no jurisdiction to review an order denying a motion to modify the conditions of deferred adjudication community supervision" as it is not a final judgment or an appealable order. *Bater v. State*, Nos. 02-18-00420-CR, 02-18-00421-CR, 02-18-00422-CR, 2018 WL 5993341, at *1 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (per curiam) (mem. op.); *see Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (holding that an order granting or denying a motion to modify probation conditions is not appealable); *see also Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006) (noting that "an order modifying the terms or conditions of deferred adjudication is not in itself appealable"); *Corona v. State*, Nos. 02-19-00060-CR, 02-19-00061-CR, 2019 WL 2134163, at *1 (Tex. App.—Fort Worth May 16, 2019, no pet.) (per curiam) (mem. op.) (reiterating that "[o]rders modifying conditions of community supervision are not appealable").

Accordingly, we notified Appellant of our concern that we lacked jurisdiction over his appeals.[1] We warned that we would dismiss the appeals for want of

---

[1]Initially, we notified Appellant of our jurisdictional concerns because, among other things, the trial court's certification indicated that these were plea-bargain cases and that Appellant had no right to appeal in either case. Appellant responded by clarifying that he intended to appeal the trial court's ruling on his motion to modify the conditions of his deferred adjudication community supervision. We replied with a

jurisdiction unless, within ten days, Appellant or any other party showed grounds for continuing the appeals. *See* Tex. R. App. P. 44.3. More than ten days have passed, and we have not received a response.

Therefore, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also Corona*, 2019 WL 2134163, at *1 (dismissing for want of jurisdiction after attempted appeals from orders modifying conditions of deferred adjudication community supervision); *Bater*, 2018 WL 5993341, at *1 (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 6, 2022

---

letter reiterating our jurisdictional concerns due to the lack of an appealable order. Appellant has not responded to our second letter.