# NO. 12-08-00366-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EDWARD HOOD,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Edward Hood appeals his conviction for criminal nonsupport. In one issue, Appellant argues that the trial court erred in revoking his community supervision and sentencing him to state jail because the State did not prove that he had the ability to make restitution payments. We affirm.

## BACKGROUND

Appellant was charged with and pleaded guilty to the felony offense of criminal nonsupport. In the original plea agreement, Appellant agreed to make a lump sum restitution payment of $1,500 before the sentencing date, and the State agreed to recommend a suspended sentence and a deferred adjudication. That agreement was modified, however, and Appellant agreed to make the lump sum payment by July 24, 2008, which was after the date of sentencing. The payment was to come from the settlement of a civil lawsuit. The trial court accepted Appellant's plea, and placed him on community supervision pursuant to the plea agreement, but changed the date payment was due to July 27, 2008.

Appellant did not make the July 27 payment. The State filed to revoke his community supervision on August 1, 2008. A hearing was held on September 2, 2008. The State offered

evidence showing that Appellant had not made the July 27 payment and that he was more than $40,000 in arrears in payments of court ordered child support. Appellant's counsel did not ask the trial court not to revoke Appellant's community supervision. Instead, she stated that she "expected" the court to do so and asked that the court place him back on community supervision. The trial court found that Appellant had not made the July 27 payment, revoked his suspended sentence, found him guilty as charged, and assessed his punishment at confinement for two years in state jail. This appeal followed.

### RESTITUTION AS A CONDITION OF COMMUNITY SUPERVISION

In his sole issue, Appellant contends that the trial court was not permitted to revoke his community supervision for his failure to pay restitution because the State failed to prove that he had the ability to pay.

### Standard of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

In a community supervision revocation proceeding, the state has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The state satisfies this standard when the greater weight of the credible evidence before the court, viewed in a light most favorable to the ruling, creates a reasonable belief that a condition of community supervision has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

### Analysis

Appellant argues that the State failed to meet its burden of proof, imposed by article 42.12, section 21(c) of the code of criminal procedure, to show that he had the ability to make the restitution payment as ordered. We disagree.

2

Prior to 2007, a defendant could raise his inability to pay court costs, restitution, or compensation to appointed counsel as an affirmative defense when the state sought to revoke a suspended sentence for failure to pay those fees. *See* Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 21(c), 1993 Tex. Gen. Laws 3586, 3740 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(c) (Vernon Supp. 2009)). However, that part of the statute was amended by the legislature in 2007.

As relevant here, the legislature made two specific changes to the statute in 2007. First, it changed the defendant's "ability to pay" from an affirmative defense to something the state must show. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(c). Second, the legislature changed the kinds of fees that were covered by this section. As the statute is presently written, the state must show a defendant's ability to pay only when it seeks to revoke community supervision for nonpayment of compensation to counsel, community supervision fees, and court costs. *Id*. The statute does not apply to restitution or reparations, as the previous statute did. The amendment applies to community supervision revocation hearings "held on or after the effective date of this Act," which was September 1, 2007. *See* Act of June 15, 2007, 80th Leg., R.S., ch. 604, § 2, 2007 Tex. Gen. Laws 1160. Because the revocation hearing in this case was held after September 1, 2007, the amended section applies.

Accordingly, viewing the evidence in the light most favorable to the trial court's ruling, we hold that the State satisfied its burden to prove by a preponderance of the evidence that Appellant failed to pay restitution as ordered. Therefore, the trial court did not abuse its discretion when it revoked Appellant's suspended sentence.[1] *Accord* **Sierra v. State**, No. 03-08-00664-CR, 2009 Tex. App. LEXIS 7172, at *8–9 (Tex. App.–Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

---

[1] Citing **Bearden v. Georgia**, 461 U.S. 660, 673, 103 S. Ct. 2064, 2073, 76 L. Ed. 2d 221 (1983) and **Basaldua v. State**, 558 S.W.2d 2, 7 (Tex. Crim. App. 1977), Appellant argues that we should conclude that an abuse of discretion occurred in this case because there was not evidence of his ability to pay restitution. We note that Appellant did not argue in the trial court, and does not argue on appeal, that the trial court's action was unconstitutional. Therefore, and without addressing the conclusions Appellant draws from the facts, we must follow the legislative determination that the ability to pay restitution need not be proven when the state seeks to revoke a suspended sentence.

**SAM GRIFFITH**

Justice

Opinion delivered December 23, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)