NO









NO. 12-08-00366-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMES EDWARD HOOD,                          §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                   
§                      JUDICIAL DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                  
§                      SMITH COUNTY, TEXAS







MEMORANDUM OPINION

            James Edward Hood appeals
his conviction for criminal nonsupport.  In one issue, Appellant argues that
the trial court erred in revoking his community supervision and sentencing him
to state jail because the State did not prove that he had the ability to make
restitution payments.  We affirm.

 

Background

Appellant was charged with and
pleaded guilty to the felony offense of criminal nonsupport.  In the original
plea agreement, Appellant agreed to make a lump sum restitution payment of
$1,500 before the sentencing date, and the State agreed to recommend a
suspended sentence and a deferred adjudication.  That agreement was modified,
however, and Appellant agreed to make the lump sum payment by July 24, 2008,
which was after the date of sentencing.  The payment was to come from the
settlement of a civil lawsuit.  The trial court accepted Appellant’s plea, and
placed him on community supervision pursuant to the plea agreement, but changed
the date payment was due to July 27, 2008.  

Appellant did not make the July 27
payment.  The State filed to revoke his community supervision on August 1,
2008.  A hearing was held on September 2, 2008.  The State offered evidence
showing that Appellant had not made the July 27 payment and that he was more
than $40,000 in arrears in payments of court ordered child support. 
Appellant’s counsel did not ask the trial court not to revoke Appellant’s
community supervision.  Instead, she stated that she “expected” the court to do
so and asked that the court place him back on community supervision.  The trial
court found that Appellant had not made the July 27 payment, revoked his
suspended sentence, found him guilty as charged, and assessed his punishment at
confinement for two years in state jail.  This appeal followed.

 

Restitution
as a Condition of Community Supervision

In his sole issue, Appellant contends
that the trial court was not permitted to revoke his community supervision for
his failure to pay restitution because the State failed to prove that he had
the ability to pay.  

Standard of Review

We review a trial court’s decision to
revoke community supervision for an abuse of discretion.  Rickels v.
State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  Abuse of discretion
occurs “only when the trial judge’s decision was so clearly wrong as to lie
outside the zone within which reasonable persons might disagree.”  Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

In a community supervision revocation
proceeding, the state has the burden of proving a violation of the terms of community
supervision by a preponderance of the evidence.  Rickels, 202
S.W.3d at 763-64; Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993).  The state satisfies this standard when the greater weight of the
credible evidence before the court, viewed in a light most favorable to the
ruling, creates a reasonable belief that a condition of community supervision
has been violated as alleged.  Rickels, 202 S.W.3d at 764; Jenkins
v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

Analysis 

Appellant argues that the State
failed to meet its burden of proof, imposed by article 42.12, section 21(c) of
the code of criminal procedure, to show that he had the ability to make the
restitution payment as ordered.  We disagree.

Prior to 2007, a defendant could
raise his inability to pay court costs, restitution, or compensation to
appointed counsel as an affirmative defense when the state sought to revoke a
suspended sentence for failure to pay those fees.  See Act of May 26,
1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 21(c), 1993 Tex. Gen. Laws 3586,
3740 (amended 2007) (current version at Tex.
Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon Supp. 2009)).  However,
that part of the statute was amended by the legislature in 2007.  

As relevant here, the legislature
made two specific changes to the statute in 2007.  First, it changed the defendant’s
“ability to pay” from an affirmative defense to something the state must show. 
See Tex. Code Crim. Proc. Ann. art. 42.12 § 21(c).  Second, the
legislature changed the kinds of fees that were covered by this section.  As the
statute is presently written, the state must show a defendant’s ability to pay
only when it seeks to revoke community supervision for nonpayment of compensation
to counsel, community supervision fees, and court costs.  Id.  The
statute does not apply to restitution or reparations, as the previous statute
did.  The amendment applies to community supervision revocation hearings “held
on or after the effective date of this Act,” which was September 1, 2007.  See
Act of June 15, 2007, 80th Leg., R.S., ch. 604, § 2, 2007 Tex. Gen. Laws 1160.  Because
the revocation hearing in this case was held after September 1, 2007, the amended
section applies.

Accordingly, viewing the evidence in
the light most favorable to the trial court’s ruling, we hold that the State
satisfied its burden to prove by a preponderance of the evidence that Appellant
failed to pay restitution as ordered. Therefore, the trial court did not abuse
its discretion when it revoked Appellant’s suspended sentence.[1]
 Accord Sierra v. State, No. 03-08-00664-CR, 2009 Tex. App. LEXIS 7172, at *8–9 (Tex. App.–Austin Aug. 26, 2009, no pet.) (mem. op., not
designated for publication).  We overrule Appellant’s sole issue.

 

Disposition

Having overruled Appellant’s sole issue,
we affirm the judgment of the trial court.

 

                                                                                        Sam Griffith__   

                                                                                                  
Justice

 

 

 

Opinion
delivered December 23, 2009.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1]
Citing Bearden v. Georgia, 461 U.S. 660, 673, 103 S. Ct. 2064, 2073, 76 L. Ed. 2d 221 (1983) and Basaldua v. State, 558 S.W.2d
2, 7 (Tex. Crim. App. 1977), Appellant argues that we should conclude that an
abuse of discretion occurred in this case because there was not evidence of his
ability to pay restitution.  We note that Appellant did not argue in the trial
court, and does not argue on appeal, that the trial court’s action was
unconstitutional.  Therefore, and without addressing the conclusions Appellant
draws from the facts, we must follow the legislative determination that the
ability to pay restitution need not be proven when the state seeks to revoke a
suspended sentence.