

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00397-CR
### NO. 02-13-00398-CR

ANASTASIA LYNETTE COLLUM                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In January 2013, as part of a plea-bargain agreement, Appellant Anastasia Lynette Collum pled guilty to two counts of state-jail-felony theft. The trial court deferred its findings of guilt and placed Appellant on community supervision for five years, to run concurrently in both cases. In August 2013, Appellant pled "true" to allegations brought by the State that she had violated the conditions of

---

[1]*See* Tex. R. App. P. 47.4.

her community supervision. Rather than adjudicating Appellant's guilt and revoking her community supervision, the trial court modified the terms of her community supervision to include 180 days' jail time and other supplemental conditions. Appellant now attempts to appeal the orders supplementing the conditions of her community supervision. We dismiss for want of jurisdiction.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002); *Ex parte Armstrong*, 110 Tex. Crim. 362, 366, 8 S.W.2d 674, 676 (1928). Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, *Roberts*, 940 S.W.2d at 657, coupled with personal jurisdiction over the parties. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981); *see generally Garcia v. Dial*, 596 S.W.2d 524 (Tex. Crim. App. [Panel Op.] 1980).

In September, we wrote Appellant of our concern that we have no jurisdiction over these appeals because the notice of appeal was not timely filed, and we had no record that a motion for new trial had been filed that would have extended the deadline for filing the notice of appeal. Appellant timely filed a response, which shows that a motion for new trial had been filed in the trial court and that the notice of appeal, therefore, was timely.

But a timely filed notice of appeal invokes only our personal jurisdiction over the parties in this case; it does not confer jurisdiction over the subject matter

2

of the controversy. In a criminal case, subject matter jurisdiction is set by statute; a party may appeal only that which the legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981) (op. on reh'g).

The legislature has not authorized the courts of appeals to consider appeals from orders altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Jenerette v. State*, No. 02-13-00092-CR, 02-13-00093-CR, 2013 WL 2631297, at *1 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op., not designated for publication); *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1–2 (Tex. App.—San Antonio May 25, 2011, pet. ref'd) (mem. op., not designated for publication). Because the legislature has not granted jurisdiction over the subject matter of these appeals, we dismiss them for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 27, 2013

3