David Neal DUNCAN, Appellant

v.

The STATE of Texas, Appellee

No. 07–16–00060–CR

Court of Appeals of Texas, Amarillo.

May 9, 2016

James A. Farren, Warren L. Clark, for The State of Texas.

David Neal Duncan, pro se.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Patrick A. Pirtle, Justice, dissenting.

Appellant, David Neal Duncan, appearing *pro se,* seeks to appeal an order requiring that he submit to a period of confinement in the Randall County jail for a term of five months as a condition of his community supervision. At the request of the State, the majority dismisses this appeal for want of jurisdiction on the basis that the *Supplemental Order Amending Conditions of Probation* is not an appealable order. Because I find the order to be an "appealable order"—I respectfully dissent.

BACKGROUND

On November 30, 2011, Appellant was indicted for the third degree felony offense of theft of property valued over $20,000,

but less than $100,000.[1] On August 22, 2012, pursuant to a plea bargain reached with the State, the trial court sentenced Appellant to eight years confinement, suspended for a term of eight years, and a fine of $1,000. On December 22, 2015, an amended motion to revoke was filed alleging four violations of the conditions of community supervision. After a hearing held on January 6, 2016, the court found the allegations in paragraphs 2, 3, and 4 to be "true" and, in lieu of revocation, ordered that Appellant be confined in the Randall County jail for a term of five months and extended the term of his community supervision by one year. A *Supplemental Order Amending Conditions of Probation* was signed on January 21, 2016. Appellant timely filed a notice of appeal from that order.

## DISCUSSION

A trial judge may impose confinement in jail or a community corrections facility as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(a) (West Supp.2015). The judge may order such confinement at the time the defendant is initially placed on community supervision or at any time during the period of supervision. *Id.* at § 12(c). In a felony case, the period of confinement may not exceed 180 days. *Id.* at § 12(a).

A defendant on community supervision may not, however, be deprived of his liberty without due process of law. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (holding that the loss of liberty entailed a serious deprivation of rights requiring that a probationer be accorded due process of law).

*See also Campbell v. State*, 456 S.W.2d 918, 921 (Tex.Crim.App.1970) (holding that, although a motion to revoke community supervision is not a trial in a constitutional sense, when the State provides for appellate review of judicial decisions made in the course of a revocation proceeding, then due process and equal protection of the law is fully applicable thereto).

The applicable rules of appellate procedure require that a notice of appeal be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). On March 23, 2016, relying on *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App.1977), the State filed a motion to dismiss this appeal, contending that the January 21 order imposing incarceration was neither the imposition of a sentence nor an appealable order. The State's reliance on *Basaldua* is misplaced.

*Basaldua* involved a challenge to the trial court's refusal to modify an order of community supervision that was entered at the time sentence was originally suspended in open court. No appeal was taken at the time the conditions of community supervision were imposed, and the defendant filed his motion to modify several months later. Under those circumstances, the Court of Criminal Appeals found there was no, "constitutional or statutory authority which would confer jurisdiction on [the] court to hear an appeal from an order ... *altering or modifying* probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions. *Id.* at 6 (emphasis added). The Court

---

1. TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp.2015). At the time of commission of the offense, theft of property valued between $20,000 and $100,000 was classified as a third degree felony. Effective September 1, 2015, the statute was amended by increasing the property values, so that a third degree felony is now classified as theft of property valued between $30,000 and $150,000. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213.

went on to hold it did not have jurisdiction to hear a direct appeal from a specific trial court ruling, to-wit: the order denying the defendant's motion to modify.

Subsequently, the Court of Criminal Appeals has determined that *Basaldua* is not controlling in situations where the condition of community supervision being appealed is a condition of supervision being added. *See Bailey v. State,* 160 S.W.3d 11, 16 (Tex.Crim.App.2004) (finding jurisdiction to review an order adding payment of restitution as a condition of community supervision because the "[a]ppellant could not have appealed a decision granting restitution [when] there was no restitution award to appeal").

In *Bailey,* the Court specifically stated that *Basaldua* and its progeny stand for the proposition that no appeal lies from an order denying a motion to alter or modify existing conditions of community supervision. Here, no period of confinement was ordered at the original sentencing. As such, the order being appealed is not an "alteration" or "modification" of the original terms of community supervision; it is clearly the initial imposition of a condition depriving Appellant of his liberty. In this case, at the time of the original sentence, not only was Appellant unaware that he would be required to submit to a period of confinement for a term of five months, he did not know whether such a condition would ever be required. Consequently, there never was an order of incarceration from which he could have appealed until the date the trial court ordered his confinement. Where, as here, the court has ordered (for the first time) Appellant's confinement as a condition of community supervision, the order imposing that period of incarceration must constitutionally be an appealable order.

In this case, Appellant is not seeking review of a condition previously ordered.

Instead, he seeks to invoke the jurisdiction of this court to review an order depriving him of a fundamental constitutional right, to-wit: his liberty. The United States and Texas Constitutions not only allow for such a review, due process and equal protection of the law demand protection of the right to seek that review. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 19. To say that an order of incarceration is not the imposition of a sentence or an appealable order defies constitutional logic and offends the principles of due process of law. As such, I find the order being appealed to be an appealable order and I respectfully dissent from the opinion of my brethren.