

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00104-CR

ASHLEY NICOLE JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 6519, Honorable Kelly G. Moore, Presiding

August 9, 2016

## CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The majority dismisses the appeal of Appellant, Ashley Nicole Jimenez. While I concur with the reasoning and conclusion of the majority, I write separately to emphasize that the basis of the dismissal is not the absence of an "appealable order," as argued by the State in its *Motion to Dismiss.* Instead, the dismissal of Appellant's appeal is based upon the failure of Appellant to raise an issue upon which this Court has jurisdiction to adjudicate.

Appellant, Ashley Nicole Jimenez, timely gave notice of appeal from an order entered by the trial court on March 3, 2016, requiring that she (1) serve a term of confinement and treatment in a substance abuse felony punishment facility operated by the Texas Department of Criminal Justice under section 493.009 of the Texas Government Code, (2) submit to an indeterminate period of confinement in the Terry County Jail pending transfer to a substance abuse felony punishment facility, and (3) pay additional court costs as new conditions of her previously ordered community supervision. The State filed a *Motion to Dismiss* requesting that this court dismiss Appellant's appeal on the basis that the trial court's order imposing these additional conditions of community supervision is not a "judgment of guilt or other appealable order." *See* TEX. R. APP. P. 25.2(a)(2). While the majority does dismiss Appellant's appeal, it does not do so on the basis advanced by the State.

BACKGROUND

On July 15, 2013, Appellant was indicted for the State Jail Felony offense of injury to a child.[1] On January 21, 2014, pursuant to a plea bargain reached with the State, the trial court sentenced Appellant to two years confinement in a state jail facility, suspended for a term of five years. As a part of her plea bargain, Appellant also agreed that she would serve sixty days in the Terry County Jail and pay $388 in court costs. At that time, the trial court ordered the sixty-day period of confinement to commence on January 31, 2014. On January 29, 2014, the trial court suspended the commencement of the sixty-day period of confinement and, in lieu thereof, ordered Appellant to appear

---

[1] TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2015). An indictment alleging an offense under this provision is a State Jail Felony when, as here, the conduct engaged in is reckless.

for a compliance hearing on September 2, 2014. The record does not reflect whether the compliance hearing was ever held; however, on November 16, 2015, the State filed a motion to revoke Appellant's community supervision, alleging five violations of the conditions of community supervision. On March 1, 2016, without the benefit of a plea bargain, Appellant appeared and pled "true" to the allegations contained in the State's motion to revoke. At the conclusion of that hearing, the trial court found that Appellant had violated four separate conditions of community supervision. In lieu of revocation and incarceration, the trial court opted to amend the conditions of Appellant's community supervision by ordering that (1) she "remain in the Terry County Jail for a period not to exceed 180 days until space is available in a Substance Abuse Treatment Facility (Substance Abuse Felony Punishment Facility) operated by the Texas Department of Criminal Justice under Section 493.009, *Texas Government Code,*" (2) she "serve a term of confinement and treatment for an indeterminate term of not more than 1 year or less than 90 days," (3) she remain in the treatment facility until discharged and after discharge participate in a drug and alcohol "continuum of care" treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, (4) she participate in and pay the cost of "any available AFTERCARE PROGRAM as directed," (5) she "[p]ay NEW COURT COSTS in the amount of $55.00," (6) she pay the balance of the original court costs and attorney's fees of $688.00, and (7) she pay arrearages on community supervision fees of $1,219.00. An *Order to Continue Probation*, incorporating these conditions, was signed on March 3, 2016, after which the trial court certified that the order entered was not the result of a plea bargain and that

3

Appellant had the right to appeal. Appellant timely filed a notice of appeal from that order.

DISCUSSION

A trial judge may impose confinement in jail or a community corrections facility as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(a) (West Supp. 2015). The judge may order such confinement at the time the defendant is initially placed on community supervision or at any time during the period of supervision. *Id.* at § 12(c). In a felony case, the period of confinement may not exceed 180 days. *Id.* at § 12(a).

A trial judge may also require a defendant to serve a term of confinement and treatment in a substance abuse felony punishment facility operated by the Texas Department of Criminal Justice under section 493.009 of the Texas Government Code as a condition of supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.303(a) (West Supp. 2015). A term of confinement and treatment imposed under this provision must be for an indeterminate term of not more than one year or less than 90 days. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.303(b) (West Supp. 2015).

A defendant on community supervision may not, however, be deprived of his liberty without due process of law. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (holding that the loss of liberty entailed a serious deprivation of rights requiring that a probationer be accorded due process of law). *See also Campbell v. State*, 456 S.W.2d 918, 921 (Tex. Crim. App. 1970) (holding that, although a motion to revoke community supervision is not a trial in a constitutional

4

sense, when the State provides for appellate review of judicial decisions made in the course of a revocation proceeding, then due process and equal protection of the law is fully applicable thereto).

ANALYSIS

On July 14, 2016, relying on *Duncan v. State,* No. 07-16-00060-CR, 2016 Tex. App. LEXIS 4878 (Tex. App.—Amarillo May 9, 2016, pet. filed) (Pirtle, J., dissenting) and *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977), the State filed a motion to dismiss this appeal, contending that the March 3 order imposing the additional conditions set forth above was neither the imposition of a sentence nor an appealable order.

Having dissented in *Duncan* on the same grounds, I continue to believe the State's reliance on *Basaldua* is misplaced. *Basaldua* involved a challenge to the trial court's refusal to modify a *previously entered* order of community supervision. No appeal was taken at the time the conditions of community supervision were imposed, and the defendant filed his motion to modify several months later. Under those circumstances, the Court of Criminal Appeals found there was no, "constitutional nor statutory authority which would confer jurisdiction on [the] court to hear an appeal from an order . . . *altering or modifying* [existing] probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions." *Id.* at 5 (emphasis added). The Court went on to hold it did not have jurisdiction to hear a direct appeal from a specific trial court ruling, to-wit: the order denying the defendant's motion to modify.

Subsequently, the Court of Criminal Appeals has determined that *Basaldua* is not controlling in situations where the condition of community supervision being appealed is a condition of supervision being added. *See Bailey v. State*, 160 S.W.3d 11, 16 (Tex. Crim. App. 2004) (finding jurisdiction to review an order adding payment of restitution as a condition of community supervision because the "[a]ppellant could not have appealed a decision granting restitution [when] there was no restitution award to appeal").

In *Bailey,* the Court specifically stated that *Basaldua* and its progeny stand for the proposition that no appeal lies from an order denying a motion to alter or modify *existing* conditions of community supervision. Here, the trial court initially ordered Appellant to serve sixty days confinement in the Terry County Jail. That order was subsequently rescinded before it became effective. When the original order of community supervision was entered, the trial court did not order Appellant's confinement and treatment in a substance abuse treatment facility. Accordingly, the order being appealed is the initial imposition of a condition of supervision potentially depriving Appellant of her liberty for one year and 180 days. In this case, at the time of the original sentence, not only was Appellant unaware that she would be required to submit to such a period of confinement, she did not know whether such a condition would ever be required. Consequently, there never was an order of incarceration from which she could have appealed until March 3, 2016. Where, as here, the court has ordered (for the first time) Appellant's confinement as a condition of community supervision, the order imposing that period of incarceration must constitutionally be an appealable order.

In this case, Appellant is not seeking review of a condition previously ordered. Instead, she seeks to invoke the jurisdiction of this court to review an order depriving

her of a fundamental constitutional right, to-wit: liberty.  The United States and Texas Constitutions not only allow for such a review, due process and equal protection of the law demand protection of the right to seek that review.  *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 19.  To say that an order imposing incarceration for the first time is not the imposition of a sentence or an appealable order defies constitutional logic and offends the principles of due process of law.  As such, I take issue with the position advocated by the State and I write separately to emphasize that this court's dismissal is not based upon the absence of a sentence or appealable order.

That being said, I do join the majority in dismissing Appellant's appeal.  As aptly stated in the opinion by Justice Quinn, Appellant's sole issue relates to the content of the judgment entered when she was initially found guilty—an issue that could have been reviewed by an appeal from that original proceeding.  Appellant having failed to raise a justiciable issue, I concur in the decision to dismiss her appeal.

Patrick A. Pirtle<br>Justice

Do not publish.