**DISMISS; and Opinion Filed July 23, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-19-00735-CR

No. 05-19-00737-CR

**JUSTIN WILLIAM ROACH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-81027-2012 & 366-81187-2015**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Before the Court are appellant's June 25, 2019 motions for extension of time to file these appeals and the State's June 25, 2019 motions to dismiss the appeals for want of jurisdiction. We will deny appellant's motions, grant the State's motions, and dismiss the appeals.

On October 11, 2018, in cause no. 05-19-00735-CR, the trial court adjudicated appellant's guilt for the offense of stalking, assessed punishment at six years' confinement, and placed appellant on community supervision for six years. On December 13, 2018, in cause no. 05-19-00737-CR, the trial court adjudicated appellant's guilt for the offense of insurance fraud in an amount of $1,500 or more but less than $20,000, assessed punishment at two years' confinement in state jail, and placed appellant on community supervision for three years.

On April 18, 2019, the trial court issued an order modifying appellant's conditions of community supervision to require him to serve time in a substance abuse felony punishment facility.[1] On June 7, 2019, appellant filed motions for new trial. On June 20, 2019, appellant filed notices of appeal, and on June 25, 2019, motions for extension of time to file the appeals.

In his motions to extend, appellant concedes that his appeals are untimely, but he asks the Court to extend the time to file his appeals by seventy days because appellate counsel was not appointed until June 4, 2019—after the deadline for filing a notice of appeal. In its motions to dismiss, the State responds that the Court should dismiss the appeals because the notices of appeal, motions for new trial, and motions for extension of time to file the appeals are all untimely and because the trial court's modification of appellant's community supervision is not an appealable order.

A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, the Court has no option other than to dismiss the appeal. *Id*. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed, or within ninety days after sentencing if the defendant timely filed a motion for new trial, a written notice of appeal showing his or her desire to appeal. *See* TEX. R. APP. P. 25.2(b), (c), 26.2(a).

The trial court entered the challenged order on April 18, 2019. Thus, appellant's motions for new trial were due on May 20, 2019.[2] *See* TEX. R. APP. P. 21.4(a). Appellant's June 7, 2019 motions for new trial were untimely.

Because the motions for new trial were untimely, they did not extend to ninety days the time to file appellant's notices of appeal. *See* TEX. R. APP. P. 26.2(a)(2). Thus, appellant's notices

---

[1] The trial court's April 18, 2019 order is not before the Court. The parties agree this order is the basis for the appeal.

[2] Because the thirtieth day following April 18, 2019 was a Saturday, the time to file the motion for new trial extends to Monday, May 20, 2019. *See* TEX. R. APP. P. 4.1(a).

of appeal were due on May 20, 2019.  *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1).  Appellant filed his notices of appeal on June 20, 2019.

The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, both the notice of appeal and a motion to extend the time to file the notice of appeal.  *See* TEX. R. APP. P. 10.5(b), 26.3.  Any motion to extend the time to file the notice of appeal would be due in this case on or before June 4, 2019.  *See* TEX. R. APP. P. 4.1(a), 26.3.[3]  Thus, appellant's June 25, 2019 motions to extend the time to file the notices of appeal were untimely.

Because appellant's notices of appeal and motions to extend the time to file the notices of appeal were untimely, we conclude we have no jurisdiction over these appeals.  *See* TEX. R. APP. P. 26.2(a)(1); *Castillo*, 369 S.W.3d at 198.

Moreover, an order modifying the conditions of community supervision is not appealable unless community supervision has been revoked and the modification order affects the validity of the revocation.  *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *see also Madden v. State*, No. 05-19-00431-CR, 2019 WL 1760286, at \*1 (Tex. App.—Dallas Apr. 22, 2019, no pet.) (not designated for publication).  Thus, even if appellant's notices of appeal had been timely, we would not have jurisdiction to review the trial court's order modifying the conditions of community supervision.  *See Basaldua*, 558 S.W.2d at 5.

We deny appellant's motions to extend time to file the notices of appeal.  We grant the State's motions to dismiss the appeal.

---

[3] Citing *Ex parte Reynoso*, 257 S.W.3d 715, 721–22 (Tex. Crim. App. 2008), the State contends the last date for extension under rule 4.1 should be calculated from Saturday, May 18, 2019.  We note that *Reynoso* involved the calculation of the inception date for an extension of time to file a habeas application under article 11.071.  The court of criminal appeals applied the language of article 11.071 §4(b) to find that the date of the extension in a habeas filed under article 11.071 should be measured from the date the application was originally due and not as extended by the intervention of a weekend or holiday.  The court of criminal appeals expressly declined to apply rule 4.1.  *See Reynoso*, 257 S.W.3d at 722.

We dismiss the appeals.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

190735F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUSTIN WILLIAM ROACH, Appellant

No. 05-19-00735-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81027-2012.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 23rd day of July, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JUSTIN WILLIAM ROACH, Appellant

No. 05-19-00737-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81187-2015.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.


Judgment entered this 23rd day of July, 2019.