Opinion filed April 30, 2020



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00029-CR
_____

**CARISSA MASON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 13599-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Carissa Mason, previously filed an untimely appeal after she was convicted of the offense of possession of methamphetamine and placed on community supervision. That appeal, this court's Cause No. 11-19-00335-CR, was dismissed pursuant to Appellant's motion to dismiss. Appellant subsequently filed another notice of appeal from the same trial court cause number. Regardless of whether Appellant currently attempts to appeal from the original judgment of conviction or from the trial court's subsequent order dated November 25, 2019, in

which the trial court amended the conditions of Appellant's community supervision, this court has no jurisdiction to consider Appellant's appeal. Consequently, we dismiss the appeal for want of jurisdiction.

When the current appeal was filed in this court, we notified Appellant and her attorney by letter that the November 25 order did not appear to be a final, appealable order. We note that, in the previous appeal, we had notified Appellant that her notice of appeal from the judgment of conviction was untimely. We requested that Appellant respond and show grounds to continue, and we informed her that this appeal may be dismissed. Appellant has not provided this court with any response showing grounds upon which her appeal may continue.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The November 25, 2019 order is not a final judgment of conviction; rather, it is an order modifying the conditions of Appellant's community supervision. An appeal from an order modifying the conditions of community supervision is not authorized by law. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (citing *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)). Therefore, we have no jurisdiction to entertain an appeal from that order.

To the extent that Appellant again seeks to appeal from her original judgment of conviction, we also have no jurisdiction. Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that the notice of

appeal currently before this court was filed with the clerk of the trial court on January 30, 2020, 120 days after October 2, 2019, the date that the trial court suspended Appellant's sentence in open court and placed her on community supervision.  With respect to Appellant's original judgment of conviction, the notice of appeal was therefore untimely.  Absent a timely filed notice of appeal, we do not have jurisdiction.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

April 30, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.