Opinion filed April 8, 2021



**In The**

# Eleventh Court of Appeals

_____

## No. 11-21-00024-CR

_____

## JONATHAN MATTHEW MCKEE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR53054**

### M E M O R A N D U M   O P I N I O N

Jonathan Matthew McKee, Appellant, originally pleaded guilty to the offense of tampering with physical evidence and was convicted of that offense. Appellant's punishment was assessed at confinement for ten years and a fine of $750, but the trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for three years. Approximately one year later, the trial court revoked Appellant's community supervision and imposed a sentence of confinement for eight years in the Institutional Division of the Texas

Department of Criminal Justice plus the unpaid balance of the fine. Appellant filed a pro se notice of appeal from the judgment revoking his community supervision. Appellate counsel was subsequently appointed to represent Appellant. Because the notice of appeal was not filed timely, we dismiss the appeal for want of jurisdiction.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentence was imposed on August 17, 2020, that no motion for new trial was filed, and that Appellant filed his notice of appeal on February 2, 2021, 169 days after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

After the appeal was filed in this court, we notified Appellant and, later, Appellant's counsel by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested a response showing grounds to continue this appeal. Appellant filed a pro se response and a "Motion For Continuance" in which he claims that the evidence is insufficient to support his conviction. This court is not authorized to grant a "continuance" or a request for an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210.

Appellant's counsel also filed a response to this court's letter. Counsel cited *Basaldua* and Article 11.072 of the Texas Code of Criminal Procedure as bases on which this appeal may continue. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015) (providing for procedure to file an application for writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order imposing community supervision); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) (involving question of jurisdiction over appeal and, alternatively, application for habeas corpus from an order modifying the conditions of probation). Neither *Basaldua* nor Article 11.072 involves the jurisdiction of an appellate court to consider an appeal in which the notice of appeal was untimely filed, and neither is applicable to this appeal.

Appellant has not provided this court with any grounds upon which this appeal may be continued. Because the notice of appeal was not timely filed, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

April 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.