# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00297-CR

**Adam Ahmad Noureddine, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 78979, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Adam Ahmad Noureddine pleaded no contest to the offense of possession of a controlled substance, and the trial court placed him on deferred adjudication community supervision for a period of five years. *See* Tex. Health & Safety Code § 481.115(d). The State subsequently moved to revoke Noureddine's community supervision and to adjudicate his guilt based on alleged violations of the terms and conditions of his community supervision. Following a hearing on the State's motion, the trial court found that Noureddine had violated the terms and conditions of his community supervision as alleged by the State. The trial court did not revoke Noureddine's community supervision, however, but instead modified the terms and conditions of his community supervision to include, as a condition, that he serve ninety days in jail. *See* Tex. Code Crim. Art. 42A.752 (continuation or modification of community supervision after violation). Noureddine filed a notice of appeal.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. 44.02; Tex. R. App. P. 25.2(a)(2). "There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision." *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) ("We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order . . . altering or modifying probationary conditions . . . .").

Because the order that Noureddine seeks to appeal is not a judgment of guilt or an appealable order, we do not have jurisdiction over this appeal.[1] *See Lewis v. State*, No. 03-19-00926-CR, 2020 WL 278348 (Tex. App.—Austin Jan. 17, 2020, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction appeal from trial court order that added conditions to defendant's deferred adjudication community supervision). Accordingly, we dismiss the appeal for want of jurisdiction and dismiss counsel's motion to withdraw as moot. *See* Tex. R. App. P. 42.3(a); *Parrett v. State*, No. 03-06-00467-CR, 2007 Tex. App. LEXIS 4497 (Tex. App.—Austin June 7, 2007, no pet.) (mem. op., not designated for publication).

---

[1] When a trial court imposes an unconstitutional restraint on liberty as a condition of community supervision, the appropriate remedy is to file an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. art. 11.072 § 3; *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Article 11.072 provides that an application for such a writ "must be filed with the clerk of the court in which community supervision was imposed," Tex. Code Crim. Proc. art. 11.072 § 2(a), and the trial court's ruling on the application is subject to appellate review, *see id.* § 8. In this case, Noureddine's appointed counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). In the brief, appointed counsel states, and the record reveals, that Noureddine filed an application for writ of habeas corpus during his pre-revocation-hearing confinement. However, nothing in the record suggests that the trial court ever ruled on Noureddine's application, and according to the *Anders* brief, Noureddine is no longer in confinement.

2

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Filed:   January 27, 2023

Do Not Publish