**Opinion filed March 13, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00022-CR

_____

## ANGELA ANNETTE RICCOBENE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR55867**

## M E M O R A N D U M   O P I N I O N

Appellant, Angela Annette Riccobene, pleaded guilty to the offense of theft of property with a value of less than $2,500 with two or more previous convictions, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2024). The trial court found Appellant guilty, assessed her punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice, suspended her sentence, and placed her on community supervision for a period of three years. The State subsequently filed a motion to revoke Appellant's community supervision. The trial court held a hearing on the State's

motion and found that Appellant violated the terms and conditions of her community supervision. However, rather than revoking her community supervision, the trial court continued Appellant on community supervision and modified its terms and conditions. Appellant has filed a notice of appeal from the trial court's judgment modifying her community supervision. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that the order did not appear to be a final, appealable order. We requested that Appellant respond and show grounds to continue, and we informed her that this appeal may be dismissed. Neither Appellant nor her counsel has filed a response.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). A judgment modifying the terms of community supervision is not a final, appealable order, and an appeal from such an order is not otherwise authorized by law. *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (citing *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)); *Rojo v. State*, No. 11-20-00259-CR, 2020 WL 7863335, at *1 (Tex. App.—Eastland Dec. 31, 2020, no pet.) (per curiam) (mem. op., not designated for publication). Because the judgment from which Appellant attempts to appeal is not a final, appealable order, we have no jurisdiction to entertain this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.


JOHN M. BAILEY

March 13, 2025                                                    CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2